IN THE UNITED STATES BANKTRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ODIS SPENCER | § | |
|     PLAINTIFF, | § | |
| | § | |
| v. | § | CASE NO: 17-5026-RBK |
| | § | |
| DEUTSCHE BANK NATIONAL | § | |
| TRUST, REOCO, INC. | § | |
|     DEFENDANTS. | § | ADVERSARY COMPLAINT |

**DEFENDANT DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR
THE RTC 1992-18P TRUST'S
<u>MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS</u>**

TO THE HONORABLE COURT

    COMES NOW Defendant Deutsche Bank  National Trust Company, formerly known as

Bankers Trust Company of California, N.A., not in its individual capacity but solely in its capacity

as Trustee for the RTC 1992-18P Trust, erroneously named as Deutsche Bank National Trust

("Defendant" or "DBNTC" or "Trustee") and files this memorandum in support of its  motion to

dismiss the Plaintiff's suit for failure to state a claim upon which relief can be granted, as

authorized by Federal Rules of Civil Procedure 12(b)(4),(5), and (6) (the "Motion").  In support

of its Motion, Defendant DBNTC respectfully shows the Court as follows:

## I.      INTRODUCTION

    1.      Plaintiff is Odis Spencer ("Spencer").  Defendants are:  (a) Deutsche Bank

National Trust Company, formerly known as Bankers Trust Company of California, N.A., not in

its individual capacity but solely in its capacity as Trustee for the RTC 1992-18P Trust,

erroneously named as Deutsche Bank  National Trust ("Defendant" or "DBNTC" or "Trustee"),

and (b) REOCO, Inc.

2.      Plaintiff sued Defendants for alleged violations of various Texas Laws, including Texas Government Code § 51.901 (c) and Texas Civil Practice and Remedies Code, Chapter 12, (b).

3.      This suit affects an interest in the property commonly known as 7403 Cinnabar Trail, San Antonio, TX  78244.

4.      In his complaint, Plaintiff did not state a claim upon which relief can be granted against Defendant DBNTC.  Therefore, the Court should dismiss Plaintiff's suit with prejudice.

## II.      REQUEST FOR JUDICIAL NOTICE

5.      In determining the validity of a Rule 12(b)(6) motion, the Court may "consider matters of which [it] may take judicial notice." *Meador v. Oryx Energy Co.,* 87 F. Supp. 2d 658, 661 (E.D. Tex.2000).  Matters of public record and items appearing in the record of the case may also be considered. *Id*.  "When all relevant facts are shown by the court's own records, of which the court takes notice, the defense may be upheld on a Rule 12(b)(6) motion without requiring an answer." *Clifton v. Warnaco, Inc.,* 53 F.3d 1280, 1995 WL 295863 at 6 n. 13 (5th Cir.1995). Accordingly, Defendant DBNTC respectfully asks the Court to take judicial notice of the following publicly available documents and documents referenced by the Plaintiff in his complaint:

> i.   Deed of Trust recorded in the real property records of Bexar County, Texas at Instrument Number 13115248 and naming Odis D Spencer and wife his Angela D Spencer as grantor ("Borrower"), Jesse T Murphy as Trustee, and Texas Homestead Mortgage Company as beneficiary. (Exhibit 1);

    ii.   Assignment of Deed of Trust to Bankers Trust Company of California, N.A., as Trustee for RTC Mortgage Pass-Through Certificates, Series 1992-18P, recorded in the real property records of Bexar County, Texas at Instrument Number 0013253 and naming City Savings and Loan Association as Holder of the Note and Deed of Trust ('Grantor') and Banker's Trust Company of California, N.A., as Trustee for RTC Mortgage Pass-Through Certificates, Series 1992-18P, as assignee ('Grantee'). (Exhibit 2);

    iii.   Transfer of Deed of Trust Lien to EMC Mortgage Corporation ("EMC") and recorded in the real property records of Bexar County, Texas at Instrument Number 20110065620 and naming Deutsche Bank National Trust Company as Trustee f/k/a Banker's Trust Company of California, N.A., as trustee for RTC Mortgage Pass-Through certificates, series 1992-18P as the owner and holder of the Note and Deed of Trust ('Grantor') and EMC as assignee ('Grantee').[1] (Exhibit 3).

    iv.   Notice of Substitute Trustee's Sale naming Odis D. Spencer and wife, Angela D. Spencer as Grantors and EMC Mortgage Corporation as the Mortgagee (DBNTC Exhibit 4-A) referenced in the Substitute Trustee's Deed evidencing a foreclosure sale of the Subject Property to EverHome Mortgage Company ("EverHome") and recorded in the real property records of Bexar County, Texas at Instrument Number

---

[1] After purchasing the Note from DBNTC as Trustee, EMC, while remaining as investor, released the servicing rights to EverHome Mortgage Company.

20160000009230 and naming Deanna Ray[2] or Deborah Martin or Terri Martin as Substitute Trustees ('Grantors') and EverHome as the highest bidder ('Grantee')[3]. (Exhibit 4-B);

v.  Deed Without Warrant transferring title of the Subject Property to REOCO,[4] Inc. post-foreclosure and recorded in the real property records of Bexar County, Texas at Instrument Number 20130074199 and naming EverHome Mortgage Company as Grantor and REOCO, Inc. as Grantee. (Exhibit 5).

vi.  Copies of DBNTC documents referenced by the Plaintiff in his Complaint (Exhibits 6A-6D).

vii. Copies of court records from previous cases filed by the Plaintiff and relevant to this present action.  (Exhibits 7A-7I).

## III.   STATEMENT OF RELEVANT FACTS

6.     On January 29, 1987 Plaintiff and his wife, Angela Spencer, executed a Deed of Trust to secure payment of a Note in the original principal sum of $96,350.00 and encumbering the real property identified by street address as 7403 Cinnabar Trail, San Antonio, Texas  78244 (the "Subject Property").[5]

---

[2] Deanna Ray was the substitute trustee who cried the sale and executed the substitute trustee's deed.  *See* Exhibit 4-B.

[3] After Spencer defaulted on the Note, the Substitute Trustees were appointed and assigned EMC's rights to foreclose on the Deed of Trust. The appointment, assignment of rights, and sale are all evidenced by the Substitute Trustee's Deed referenced herein as Exhibit 4-B.

[4] EMC, EverHome, and REOCO, Inc. are distinct, but related, entities.  EMC bought the Note from DBNTC, as Trustee.  At the time of foreclosure, EMC remained the investor but released serving rights to EverHome. Once the loan was in default, a substitute trustee's deed assigned EMC's rights (as investor of the Note) to Deanna Ray. Deanna Ray then conducted the sale, and EverHome (as servicer) bid on the property and was the highest bidder. A substitute trustee's deed was then recorded evidencing the sale to EverHome.  EverHome then transferred the property to REOCO, the real estate owned company related to EMC and holding legal title to EMC's foreclosed assets.  The relationship between these three entities is evidenced from Exhibits 3, 4 & 5.

[5] *See* Exhibit 1.

7.      Pursuant to the Assignment of Note and Deed of Trust effective  June 3, 1996, the Note and Deed of Trust were transferred to Bankers Trust Company California, N.A., as Trustee for RTC Mortgage Pass-Through Certificate Series 1992-18P ("Bankers Trust").[6]  Bankers Trust was subsequently re-named as DBNTC in 2002.[7]

8.      On March 2, 2011 DBNTC, as Trustee for the RTC 1992-18P Trust, transferred the Note and Deed of Trust to EMC Mortgage Corporation ("EMC")[8].  Therefore, at the time of the foreclosure sale in 2012, the Note, and the right to enforce it via the Deed of Trust on the Subject Property, was no longer held by DBNTC, as Trustee, because the assets of the trust (including the Note) had been purchased out of the trust from DBNTC, as Trustee, by EMC.

9.      Subsequent to EMC becoming the holder of the Note and Deed of Trust, Plaintiff and his wife went into default on the Note.  As a result, EverHome Mortgage Company ("EverHome"), the servicer of the loan for EMC[9], initiated foreclosure proceedings pursuant to the security instrument.  On September 5, 2012 the Subject Property was auctioned at a foreclosure sale at which EverHome was the purchaser via its bid of $101,900.00.[10]  EverHome received a Substitute Trustee's Deed evidencing that EverHome was the highest bidder at the sale and was granted, sold, and conveyed the Subject Property. Said deed was executed and recorded in the real property records of Bexar County, Texas.[11]

10.     Following its purchase at foreclosure, EverHome transferred title to the Subject Property to REOCO, Inc.  ("REOCO, Inc.") via a Deed Without Warranty recorded in the real property records of Bexar County.[12]

---

[6] *See* Exhibit 2.
[7] *See* Exhibit 6-C.
[8] *See* Exhibit 3.
[9] For relationship between EMC, EverHome, and REOCO, *see* FN. 4, *supra*.
[10] *See* DBNTC Exhibit 4-B.
[11] *Id.*
[12] *See* Exhibit 5.

# IV.    ARGUMENT

11.     Plaintiff has not complied with the Federal Rules of Civil Procedure in his attempt to serve DBNTC.  The Court, therefore, is without personal jurisdiction over defendant DBNTC.  Regardless, even if the Court had personal jurisdiction over DBNTC, the Plaintiff has failed to state a claim upon which relief may be granted.

## A.    DISMISSAL IS NECESSARY BECAUSE PROCESS AND SERVICE OF PROCESS ARE INSUFFICIENT.

12.     Pursuant to Fed. R. Civ. P. 12(b)(5), DBNTC requests dismissal for insufficient process or insufficient service of process.

13.     The Court may dismiss or quash service if it fails to comply with state and federal law or is otherwise insufficient.[13]  In this instance, the Court should dismiss because DBNTC was not properly served.

14.     The Court does not have jurisdiction over a defendant who was not properly served.[14]  DBNTC was not properly served for two reasons.  First, Plaintiff served the wrong entity and second, Plaintiff failed to comply with Texas Rules[15] for service on a financial institution.[16]

---

[13] *See Washington  v. Norton Mfg., Inc.,* 588 F.2d 441, 445 (5th Cir. 1979).

[14] *See e.g. Dodco, Inc. v. America11 Bonc/ing Co.,* 7 F.3d 1387, 1388 (8th Cir. 1993).

[15] Fed. R. Civ. P. 4 governs service in Federal suits.  The Rule requires service either by following state law or by serving the "usual place of abode." *See* Fed .R. Civ. P. 4(i)(2) and Fed .R. Civ. P. (e).

[16] *See* Texas Finance Code §201.002
        (1)  "Financial institution" means:
                (A)  a bank as defined for any purpose by Section 201.002(a)(4), whether chartered under the laws of this state, another state, the United States, or another country, including a state savings bank;
                (E) a trust company chartered under the laws of this state or another state.

### i. Wrong Entity Served

15.    Plaintiff served an entity not named as a defendant in this case.  Plaintiff served

Deutsche Bank AG - New York Branch and not Deutsche Bank National Trust Company, a

separate entity that Plaintiff appears to have attempted to name as a defendant by naming

"Deutsche Bank National Trust."

16.    Rule 12(b)(5) is the proper challenge when the wrong entity is served with an

otherwise proper Summons and Complaint.  "If a misnomer or mistake on the part of the

Plaintiff constitutes a fatal defect, that is, a defect of substance and not merely one of form, the

process would be void *ab initio* and . . . there would be, as recognized by Rule 12(b), both

insufficiency of process and insufficiency of service of process." *Shaw v. Rogers*, CIVIL

ACTION NO. 1:07cv1KS-MTP. (S.D. Miss. May. 29, 2007) (Quoting *Sweeney v. Greenwood

Index-Journal Co.*, 37 F. Supp. 484 (D.C. S.C. 1941))

17.    Plaintiff admits that he served Kris Kwong at 60 Wall Street, New York, New

York County, NY 10006 on April 4, 2017.[17]  This is the address for Deutsche Bank AG, New

York Branch and not the address of Deutsche Bank National Trust Company.

18.    Deutsche Bank AG and Deutsche Bank National Trust Company are two separate

entities[18] with different officers and different headquarters in different states.   Deutsche Bank

AG, New York Branch is a German banking corporation based in Frankfurt, Germany, with its

New York Branch at 60 Wall Street, New York, New York County, NY 10006.   Deutsche

---

[17] *See* Doc. No. 3, p. 3.

[18] Deutsche Bank National Trust Company (f/k/a Bankers Trust Company of California, N.A.) ("DBNTC") is a national banking association organized under the laws of the United States to carry on the business of a limited purpose trust company.  DBNTC is a wholly owned subsidiary of Deutsche Bank Holdings, Inc., a corporation organized under the laws of the State of Delaware.  Deutsche Bank Holdings, Inc. is a wholly owned subsidiary of Deutsche Bank Trust Corporation, a corporation organized under the laws of New York.  Deutsche Bank Trust Corporation is a wholly owned subsidiary of DB USA Corporation, a corporation organized under the laws of the State of Delaware.  DB USA Corporation is a wholly owned subsidiary of Deutsche Bank AG, a banking corporation organized under the laws of the Federal Republic of Germany.

Bank National Trust Company's main office is at 2000 Avenue of the Stars, North Tower, Los Angeles, CA  90067, and its trust administration operations are conducted primarily out of its offices located at 1761 East St. Andrew Place, Santa Ana, CA  92705.[19]  Thus, DBNTC should have been served in California at its main office in Los Angeles or at its trust operations office in Santa Ana.

19.    By serving the wrong entity, the Plaintiff's service is void, and his case should be dismissed.

### ii.  Improper Service

20.    Furthermore, even if the Plaintiff had properly served Deutsche Bank AG in New York, his service on Deutsche Bank AG in New York by serving Kris Kwong there would still be insufficient to confer the Court's jurisdiction over DBNTC.  As stated above, Plaintiff admits that he served the citation on Kris Kwong of Deutsche Bank AG at 60 Wall Street, New York, New York.   This is insufficient service because it does not comply with Texas law.[20]

21.    In order for this Court to have jurisdiction over DBNTC, the Plaintiff must have first lawfully served DBNTC in strict compliance with the Texas Civil Practice & Remedies Code.[21]

22.    The Code permits service on a financial institution by serving the registered agent of the financial institution or, if the financial institution does not have a registered agent, by serving the president or vice president.[22]

---

[19] *See* Exhibit 6-D.
[20] TEX. CIV. PRAC. & REM. CODE §17.028.
[21] *Boreham v. Hartsell*, 826 S.W.2d 193, 195 (Tex.App. Dallas 1992),(stating that to support a default judgment, "[t]here  must be proof in the record of service of process on the defendant in the manner required by the [long-arm] statute") *citing Whitney v. L & L Realty Corp*., 500 S.W.2d 94 (Tex.1973).
[22] TEX. CIV. PRAC. & REM. CODE §17.028(b)   The Code also allows for service on the Secretary of State but that was not attempted in this in this suit. *Id.* at § 17.044(b).

23.     Plaintiff admits that he served Kris Kwong, a paralegal who works at Deutsche Bank AG, at 60 Wall Street, New York, New York[23].   This attempted service failed to comply with the Texas law for two reasons. First, as stated above, Deutsche Bank AG is the wrong entity to be served, as it is not even a named defendant.  Second, even if Deutsche Bank AG was a named defendant, and Plaintiff was correct in attempting to serve it at its offices at 60 Wall Street, NY, NY,  Kris Kwong is not a president or vice president or registered agent for Deutsche Bank AG and is not authorized to accept service, as determined by another United States District Court in a similar case.[24]

24.     Therefore, because the Plaintiff served the wrong entity and did not comply with the Texas rules for service on a financial institution, this case should be dismissed.

**B.      DISMISSAL IS NECESSARY BECAUSE PLAINTIFF HAS FAILED TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.**

**i.      STANDARD UNDER RULE 12(b)(6)**

25.     To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 1974 (U.S. 2007). *See also In re Katrina Canal Breaches Litig*., 495 F.3d 191, 205 (5th Cir. 2007).  "Factual allegations must … raise a right to relief above the speculative level, on the assumption that all allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  While the allegations need not be overly detailed, a plaintiff's pleadings must still provide the grounds of his entitlement to relief, which "requires more than labels and conclusions," and "a formulaic recitation of the elements of a cause of

---

[23] *See* FN 17 supra.
[24] *Nash v. Deutsche Bank National Trust Company*, No. 1:15-CV-411-HSCO-JCG, (Order. June 29, 2016) (court dismissed case for lack of jurisdiction in part because Kris Kwong was served citation and did not have authority to receive service of process.).

action will not do." *Id*.; *see also Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'")(internal citations omitted). Conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss. *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir.).

26.     Moreover, demonstrating the plausibility of a claim requires a plaintiff to establish "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft*, 129 S.Ct. at 1949. It is not enough that a plaintiff allege the mere possibility of misconduct; it is incumbent to show that the plaintiff is entitled to relief. Fed. R. Civ. P. 8(a)(2); *see also Ashcroft*, 129 S.Ct. at 1950. The court may dismiss a complaint under Rule 12(b)(6) if either the complaint fails to assert a cognizable legal theory or facts asserted are insufficient to support relief under a cognizable legal theory. *See Stewart Glass & Mirros, Inc. v. USA Glass, Inc.,* 940 F.Supp. 1026, 1030 (E.D. Tex. 1996).

## ii.     ARGUMENT AND AUTHORITIES

27.     Plaintiff's complaint fails to state a claim because it includes factual allegations that do not show a plausible right to recovery. *Brooks v Ross*, 578 F.3d 574, 581-82 (7th Cir. 2009). In addition, the facts, as stated in the complaint show that the alleged causes of action are barred by statute of limitations. Furthermore, the public record shows that the claims are barred by *res judicata.*

### a. Plaintiff sued DBNTC individually and not in its capacity as Trustee

28. Plaintiff's claims should be dismissed because he sued DBNTC individually and not in its capacity as Trustee. Therefore, the alleged facts articulated in his complaint could not result in a plausible right to recovery of any claim against DBNTC individually.

29. Courts have dismissed actions against DBNTC individually when the claims in the action related to properties titled to DBNTC as trustee of a specific trust[25]. The Courts dismissed these actions because they concluded that DBTNC individually was not liable for the claims arising out of properties included in a trust with DBNTC as trustee.[26]

30. DBNTC in its individual capacity was never the holder of the Note and Deed of Trust on the Subject Property. The legal interests in the Note and the Deed of Trust on the Subject Property were transferred to Bankers Trust Company of California, N.A., *as Trustee* for RTC Mortgage Pass-Through Certificates, Series 1992-18P, as of the Trust's closing date in 1992 as part of the pool of securitized loans comprising the Trust's assets pursuant to the Trust's governing documents, and the Assignment of Note and Deed of Trust effective July 3, 1996 shows that the transfer was made to Bankers Trust Company, N.A., *as Trustee* for the Trust, not to Bankers Trust Company in its individual capacity.[27]

31. In 2002, Bankers Trust Company of California, N.A., changed its name to Deutsche Bank National Trust Company.[28] Consequently, as of the date of the bank's name change, the

---

[25] *City of Cincinnati v. Deutsche Bank Nat'l. Trust Co.*, 897 F.Supp.2d 633 (S.D.Ohio 2012); *See also Briscoe v. Deutsche Bank Nat'l. Trust Co.*, N.D. Ill No.08-C-1279, 2008 U.S. Dist. LEXIS 90665 (Nov. 7, 2008)(claims against DBNTC individually dismissed because DBNTC only held the mortgages as a trustee); *Yau v. Deutsche Bank Nat'l. Trust Co. Ams,* CD. Cal. No SACV-00006-JVS, 2011 U.S. Dist. LEXIS 155749 (May9, 2011) (claim dismissed because complaint failed to allege how DBNTC was personally liable when it held mortgages as trustee*); Mayo v. GMAC Mortg., LLC,* W.D. Mo. No. 08-00568-CV-W-DGK, 2010 U.S. Dist.LEXIS 51517 (Mar. 1, 2010) (claims dismissed for failing to state how DBNTC was individually liable).
[26] *See* FN 24.
[27] Exhibit 2.
[28] Exhibit 6-C.

legal interests in the Note and Deed of Trust were held in the name of DBNTC, *as Trustee* for the RTC Mortgage Pass-Through Certificates, Series 1992-18P.[29] In addition, the Transfer of Deed of Trust Lien, the allegedly forged document at issue in the present action,[30] was executed by Tamara Foye in 2011 as a Vice President of DBNTC, in its capacity *as Trustee*[31] and not on behalf of DBNTC in its individual capacity. Therefore, because Plaintiff did not file his complaint against DBNTC, as Trustee, DBNTC in its individual capacity cannot be found liable for Plaintiff's alleged harms and his case should be dismissed.

### b. DBNTC, *in any capacity*, was not the holder of the Note at time of foreclosure

32.    Moreover, even if the Plaintiff had named DBNTC, as Trustee for the Trust, he still would not have a plausible right to recovery.  In 2011, the Note and Deed of Trust on the Subject Property, along with the other assets of the Trust, had been purchased out of the Trust from DBNTC, as Trustee, by EMC.[32]   Therefore, at the time of the foreclosure sale by EMC to EverHome in September of 2012, DBNTC, as Trustee, no longer held the Note or the right to enforce it via the Deed of Trust on the Subject Property.  As a result, DBNTC, in any capacity, was not the entity that foreclosed on the Subject Property.[33]

33.    Any alleged defects in the foreclosure process would, therefore, be due to the acts or omissions of EMC and/or its servicer, EverHome, and not DBNTC, as Trustee or individually. Consequently, DBNTC cannot be held liable for EMC's foreclosure after DBNTC no longer held any interests in the Note, Deed of Trust, or Subject Property. Therefore, any

---

[29] *See Smith v.Rees*, 52 Ohio, Law Abs. 517, 81 N.E.2d(1948), quoted in *City of Cincinnati v. Deutsche Bank Nat'l. Trust Co.*, 897 F.Supp.2d 633 (S.D.Ohio 2012).
[30] *See* Doc. No. 2.
[31] Exhibit 3.
[32] *Id.*
[33] *See* Exhibit 4-A.

alleged errors in the foreclosure process could not serve as a probable basis for recovery against DBNTC, as Trustee, or in its individual capacity, and Plaintiff's complaint should be dismissed.

### c. Factual allegations do not support a plausible right to recovery.

34.    Specifically, Plaintiff made the following factual allegations: that DBNTC violated its own bylaws and did not vest in Tamara Foye the proper authority for her to act on behalf of DBNTC.[34]

35.    Ms. Foye was the DBNTC officer who executed the instrument (the March 2011 Transfer of Deed of Trust Lien) transferring the interests of DBNTC, as Trustee for the Trust, in the Note and Deed of Trust for the Subject Property to EMC.[35]  The Plaintiff contends that this transfer was invalid because Ms. Foye allegedly lacked signing authority from DBNTC. All of Plaintiff's subsequent claims of lack of standing, wrongful foreclosure, and wrongful eviction flow from this single allegation that Ms. Foye lacked authority to execute documents on behalf of DBNTC.[36]  According to the Plaintiff, because Ms. Foye supposedly lacked signing authority, all subsequent transfers of the Note and Deed of Trust were invalid.  Consequently, the Plaintiff alleges, the foreclosure is invalid, as is the subsequent transfer of title to the foreclosed property.

36.    The Plaintiff referenced DBNTC corporate bylaws and appointments in his recitation of alleged facts used to support his claim that Ms. Foye acted without authority.[37] Plaintiff's entire claim is predicated on this allegation, which in turn is based on these referenced documents. The Plaintiff, however, did not attach any supporting documentation for his claim.

---

[34] Doc. No. 2, pg. 4 VII.
[35] *See* Exhibit 3.
[36] Doc. No. 2, pp 4-8.
[37] *Id*. at pp. 4 and 5. ( ". . . notwithstanding that the Board of Directors of Deutsche Bank  National Trust has never appointed such person including Tamara Foye as officers of the Corporation.  The by-laws of Deutsche Bank National Trust require that the Board of Directors appoint officers of Deutsche Bank National Trust.")

DBNTC, therefore, attaches the supporting documentation hereto as Exhibit 6 and incorporates them herein by reference.

37.     Generally, if "matters outside the pleadings presented to and not exclude by the court," are considered then "the motion shall be treated as one for summary judgment."[38] There is, however, an exception to this general rule when, as here, the defendant attaches documents to its motion to dismiss that are integral to, and referenced in, the Plaintiff's complaint. Therefore, DBNTC is able to attach the documents in Exhibit 6 referenced by the Plaintiff in his complaint and central to his argument.[39]

38.     As evidenced by the attached Bylaws, DBNTC's Board of Directors has the authority to, among other things, appoint Vice Presidents to act with whatever authority the Board grants.[40] That is exactly what the Board did in this present case as evidenced by a corporate resolution memorialized and attached hereto as Exhibit 6-B. On or around March 12, 2007, DBNTC vested in Ms. Foye the necessary authority to execute the transfer of the Note and Deed of Trust at issue in this case.   The corporate resolution memorialized as Exhibit 6-B states unequivocally that the Chairman of the Board of Directors of Deutsche Bank National Trust Company, in accordance with its bylaws, assigned signing authority to Tamara Foye and that said authority included the authority to "sign any contract, document, instrument, certificate or other writing that it may be necessary or appropriate to execute for, or on behalf of, DBNTC

---

[38] Fed.R.Civ.P. 12(d).
[39] *See Causey v. Sewell Cadillac-Chevrolet, Inc*., 394 F.3d 285, 288 (5th Cir. 2004) ("Documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." (citing Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498-99 (5th Cir.2000))).
[40] Exhibit 6-A, Section 4.3." <u>Managing Director, Principal and Vice President</u>. The Board of Directors shall appoint one or more Managing Directors, one or more Principals and one or more Vice Presidents, each of whom shall have such powers and duties as may be assigned by the Board of Directors. In the absence of the President, the Board of Directors shall designate one of such officers to perform all the duties of the President."

in the conduct of its business."   A copy of the corporate certification is attached as Exhibit 6-B and is incorporated herein by reference.

39.     Actions taken pursuant to the bylaws - the same bylaws referenced by the Plaintiff in his complaint - unequivocally show that Ms. Foye did have the authority to execute documents on behalf of DBNTC, including the transfer at issue in the present case.

40.     The very documents relied on by the Plaintiff to support his allegation that Tamara Foye acted without authority actually prove the exact opposite – that DBNTC *had* vested Ms. Foye with the authority to execute documents on its behalf[41]  Plaintiff is therefore unable to allege facts that would result in a possible right of recovery, and his case should be dismissed.

### d. Claims are barred by statute of limitations

41.     Even if the allegations set forth in Paragraph 32 above are assumed to be true, they do not show a right of relief against Defendant DBNTC because they are barred by statute of limitations. *Bell Atlantic Corp. v. Twombly*, 550 U.S.  544, 570 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

42.     Dismissal pursuant to Rule 12(b)(6) based on statute of limitations is appropriate where it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling. *See Kansa Reinsurance v. Congressional Mortg. Corp*., 20 F.3d 1362, 1366-70 (5th Cir.1994) (dismissing, under Rule 12(b)(6), a claim as time barred where the claim was clearly filed after the applicable statute of limitations had run and where it was

---

[41]As the documents included in Exhibit 6 demonstrate, central to DBNTC's business is acting as a trustee,  Read collectively, the Exhibit 6 documents convey to Ms. Foye's  the authority to not only execute documents  on behalf of DBNTC  but also on behalf of DBNTC in its capacity as a trustee.  Therefore, because DBNTC acted as trustee for the RTC 1992-18P Trust that held the Note, Ms. Foye had authority to sign for DBNTC, as Trustee for the RTC 1992-18 Trust in transferring the interests it held in the Note and Deed of Trust.

evident from the pleadings that the plaintiff was not entitled to the benefit of the discovery rule).[42]

43.     Plaintiff's complaint alleges two substantive causes of action:  1) fraud (that Ms. Foye acted fraudulently by executing the transfer of the Note and Deed of Trust without authority); and 2) wrongful foreclosure (that due to the fraudulent transfer, EMC did not have a right to foreclose).   The statute of limitations is four (4) years for both fraud[43] and wrongful foreclosure[44] suits.

44.     The instrument constituting what Plaintiff alleges was a fraudulent transfer of the Note and Deed of Trust by Ms. Foye was executed on March 2, 2011, more than six (6) years before the Plaintiff filed this suit on March 23, 2017.  Absent a showing by the Plaintiff for why the limitations period was tolled, the statute of limitations for this claim expired on March 3, 2015. The Plaintiff's complaint does not allege any reasons at all for why the limitations period should have tolled.[45]  Therefore, based on the pleadings, the Court should find that this claim is barred by the statute of limitations and should be dismissed.

45.     The alleged wrongful foreclosure sale took place on September 5, 2012, more than four and half years before the Plaintiff filed this suit on March 23, 2017.  Absent a showing by the Plaintiff for why the limitations period was tolled, the statute of limitations for this claim expired on September 6, 2016. The Plaintiff's complaint does not allege any reasons at all for why the limitations period should have tolled.[46]  In fact, his complaint admits that more than

---

[42] ". . . a complaint that shows relief to be barred by an affirmative defense, such as the statute of limitations, may be dismissed for failure to state a cause of action." *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc*., 677 F.2d 1045, 1050 (5th Cir. 1982), cert. denied, 459 U.S. 1105 (1983); accord *Jones v. Bock*, 549 U.S. 199, 215 (2007); *La Porte Constr. Co. v. Bayshore Nat'l Bank of La Porte*, 805 F.2d 1254, 1255 (5th Cir. 1986).
[43] See Tex. Civ. Prac. & Rem. Code § 16.004(a)(4).
[44] *Gonzales v. Lockwood Lumber Co*., 668 S.W.2d 813, 815 (Tex. App. 1984), writ refused NRE (July 18, 1984)
[45] *See* Doc. No. 2.
[46] *Id.*

four years have expired.[47] Therefore, based on the pleadings, the Court should find that this claim is barred by the statute of limitations.

46.     The Court should dismiss this case with prejudice because the claims alleged by the Plaintiff are barred by statute of limitations.

### e. Claims barred by *res judicata*.

47.     Plaintiff's claims are bared by *res judicata* and should be dismissed with prejudice.

48.     The *res judicata* effect of a prior judgment is a question of law. *See Procter & Gamble Co. v. Amway Corp.,* 242 F.3d 539, 546 (5th Cir.2001).

49.     Claim preclusion[48], or *res judicata*, bars the litigation of claims that either have been litigated or should have been raised in an earlier suit. *Petro-Hunt, L.L.C. v. United States*, 365 F.3d 385, 395 (5th Cir.2004) (quoting *In re Southmark Corp.,* 163 F.3d 925, 934 (5th Cir.1999)).

50.     The test for *res judicata* has four elements: (1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions. *Id*. (citation omitted).

51.     In order to determine whether both suits involve the same cause of action, the Court should use the transactional test as articulated in *Petro-Hunt*. Under the transactional test, a "prior judgment's preclusive effect extends to all rights of the plaintiff with respect ***to all or any part of the transaction***, ***or series of connected transactions, out of which the original action arose***." *Id*. at 395-96 (emphasis added) (quotation marks and citations omitted). What grouping

---

[47] *See* Doc. No. 2, Point Two.
[48] *Res judicata* entails two separate, but related, preclusive doctrines: (1) traditional *res judicata* or claim preclusion and (2) collateral estoppel, or issue preclusion. *St. Paul Mercury Ins. Co. v. Williamson*, 224 F.3d 425, 436 (5th Cir.2000) (internal citation omitted).

of facts constitutes a "transaction" or a "series of transactions" must be determined pragmatically, giving weight to such considerations as "whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage." *Id.* at 396 (quoting Restatement (Second) of Judgments § 24(2) (1982)).

52.    This is at least the sixth (6th) lawsuit that the Plaintiff has filed involving the same parties, or parties in privity, and based on the same set of facts or cause of action.[49]

53.    <u>The parties are identical or in privity</u>. The previous cases involved the following defendants:  EverHome and Hughes Waters Asianize, LLP.  As the successor in interest to the subject Note and Deed of Trust, EverHome and DBNTC are in privity.[50]

---

[49] **THE FIRST LAWSUIT** was filed on February  28, 2011,  in the 57th Judicial District  Court of Bexar County and  was assigned  Cause  No.  2011-CI-03213 ("First Suit").  The First Suit was dismissed for want of prosecution on December 4, 2012. <u>Exhibit 7-A</u> **THE SECOND LAWSUIT**  was filed on April 23, 2013, in the 73rd Judicial District Court of Bexar County and was assigned Cause No. 2013CI06787 ("Second Suit").  In his First Amended petition in the Second Suit, Plaintiff asserts claims for quiet title and  wrongful foreclosure.  On August 5, 2014,  the state- court judge entered an order dismissing  Plaintiff's wrongful foreclosure claim ***with prejudice***. <u>Exhibit 7-</u>B  On May 10,  2016,  the court entered  an order granting D e f e n d a n t  summary-judgment  on Plaintiff's  remaining claims. <u>Exhibit 7-C</u>. Plaintiff appealed this judgment and on August 10, 2016, the Fourth Court of Appeals of Texas at San Antonio dismissed Plaintiff's appeal.  <u>Exhibit 7-D</u>.  *See also* <u>Exhibit 7-E</u> (mandate  issued on October 19, 2016). **THE THIRD LAWSUIT** was filed on December 23, 2015, in the 244th Judicial District Court of Bexar County and was assigned Cause No. 2015-CI-21035 ("Third Suit"). The Third Suit was removed to federal court on January 22, 2016, and was assigned Cause No. 5:16-cv-0062-DAE.  <u>Exhibit 7-F</u>. On April 21, 2016, the Court entered its Order granting Defendants' motions to dismiss and dismissed Plaintiff's claims ***with prejudice.***  <u>Exhibit 7-G</u>.  No appeal was filed by Plaintiff. **THE FOURTH LAWSUIT** was filed on May 19, 2016, in the 285th Judicial District Court of Bexar County ("Fourth Suit"). The Fourth Suit was removed to federal court on June 24, 2016, and was assigned Case No. 5:16-0605-0LG .<u>Exhibit 7-H</u> and was dismissed without prejudice on February 16, 2017.  <u>Exhibit 7-I</u>. **THE FIFTH LAWSUIT** was filed on November 21, 2016 in the 150th Judicial District Court of Bexar County and was removed to federal court as Case No. 5:16-cv-01289-OLG.  This lawsuit too was dismissed ***with prejudice***. The Court also declared the ***Plaintiff to be a vexatious litigant***.  <u>Exhibit 7-J</u>.

[50]*See Frank C. Minvielle LLC v. Atl. Ref. Co*., 337 F. App'x 429, 435 (5th Cir. 2009) (per curiam) ("[N]onparty preclusion may be justified based on a . . . pre-existing `substantive legal relationship []' between the [party and nonparty] . . ." such as **"preceding and succeeding owners of property."**)(emphasis added) (citing *Taylor v. Sturgell*, 553 U.S. 880, 893 (2008)).

54. <u>The judgments in the prior actions were rendered by courts of competent jurisdiction.</u> Judgments were entered by both the 73rd Juridical District and the United States District Court for the Western District of Texas, and both are courts of competent jurisdiction.

55. <u>The prior actions resulted in final judgments on the merits</u>. The court in the Second Suit entered an order on Defendant's Motion for Summary Judgment, which terminated the Second Suit on the merits. Plaintiff appealed this judgment, and his appeal was dismissed.[51] The court in the Third Suit and the Fifth Suits entered Orders granting the defendants' motions to dismiss, which dismissed Plaintiff's claims with prejudice. Dismissal with prejudice is an adjudication on the merits.[52] The Order in the Fifth Suit also named Mr. Spencer a vexatious litigant, requiring him to get leave of court before filing any more lawsuits in the District Court.[53]

56. <u>The same claim or cause of action was involved in all three previous actions</u>. All three of the previous actions that resulted in final judgments were based on the allegedly improper foreclosure sale of the Subject Property that took place on September 5, 2012.[54] In the instant case, the alleged improper transfer of the Note and Deed by DBNTC is part of the series of connected transactions that were adjudicated in the previous wrongful foreclosure cases and therefore are barred by *res judicata* and should be dismissed. [55]

## V.  PRAYER

57. WHEREFORE, PREMISES CONSIDERED, Defendant DBNTC prays that its Motion to Dismiss Pursuant to Rule 12(b)(6) be granted, that all of Plaintiff's  claims as set

---

[51] *See* FN 48.
[52] *Schwarz v. Folloder*, 767 F. 2d 125 (5th Cir.1985). ("Dismissal of an action with prejudice is a complete adjudication of the issues presented by the pleadings and is a bar to a further action between the parties. An adjudication in favor of the defendants, by court or jury, can rise no higher than this.") (quoting *Smoot v. Fox,* 340 F.2d 301, 303 (6th Cir.1964)).
[53] Exhibit 7-J.
[54] *See* FN 49.
[55] *Petro-Hunt* at 395-396.

forth above be dismissed with prejudice as to Defendant DBNTC, and that Defendant DBNTC be awarded all such other relief to which it may show itself justly entitled.

Respectfully Submitted,

JACK O'BOYLE & ASSOCIATES

*/s/ Chris Ferguson*
Chris Ferguson
Texas Bar No. 24069714
P.O. Box 815369
Dallas, TX 75381
P: 972.247-0653
F: 972.247-0642
chris@jackoboyle.com
ATTORNEY FOR
DEUTSCHE BANK NATIONAL TRUST
COMPANY, FORMERLY KNOWN AS
BANKERS TRUST COMPANY OF
CALIFORNIA, N.A., NOT IN ITS
INDIVIDUAL CAPACITY BUT SOLELY
IN ITS CAPACITY AS TRUSTEE FOR
THE RTC 1992-18P TRUST,
ERRONEOUSLY NAMED AS
DEUTSCHE BANK NATIONAL TRUST

## **CERTIFICATE OF SERVICE**

This is to certify that a true, correct and complete copy of the foregoing document has been served in accordance with the Federal Rules of Civil Procedure on July 6, 2017, to Plaintiff's last known address:

Odis Spencer
7403 Cinnabar Trail
San Antonio, TX  78244

*/s/ Chris Ferguson*
Chris Ferguson